## FRANCES E. CARDOFF v. GUSTOF F. CARDOFF.[1]

June 23, 1922.

No. 22,875.

**Costs and disbursements on interlocutory motion.**
1. The costs and disbursements taxable under G. S. 1913, § 7976, go to the party ultimately prevailing in the action; the party in whose favor some intermediate motion or proceeding is decided is not entitled to disbursements incurred in support of the same.

**Divorce—allowance for support of son not justified.**
2. An allowance in a divorce action of a stated amount for the support of a minor son of the parties, 18 years of age and capable of earning $80 a month, *held* not justified by the facts disclosed by the record and stated in the opinion.

Action for divorce in the district court for Steele county. The case was tried before Childress, J., who made findings and ordered judgment in favor of plaintiff, awarding her divorce and $50 monthly for the support of her minor son Thomas and attorneys' fees. The application of defendant to amend the judgment entered pursuant to the findings by striking the requirement that he should pay for the support and maintenance of Thomas Cardoff, was denied. From the judgment entered pursuant to the order for judgment, defendant appealed. Modified and affirmed.

*Moonan & Moonan,* for appellant.

*Nelson & Nelson,* for respondent.

[1] Reported in 189 N. W. 124.

BROWN, C. J.

Action for divorce in which in addition to the question of divorce the property rights of the parties were involved and fully litigated. There were two trials; plaintiff prevailed on each. After the first trial defendant moved for and obtained a new trial, in connection with which he incurred an expense of $183 for a transcript of the trial proceedings. At the conclusion of the second trial the court made and filed its findings and conclusions of law, completely disposing of issues in the case, and awarding a divorce to plaintiff, together with $50 per month for the support of a minor son of the parties, to be paid by defendant during the son's minority. Defendant obtained a more favorable result than on the first trial, though plaintiff prevailed on the principal issue on both trials. Before the entry of the final judgment, defendant sought to tax in his favor the item of $183 paid for the reporter's transcript, as above stated, and the taxation was refused. Judgment was then rendered as ordered by the findings and defendant appealed.

The questions presented are: (1) Whether there was error in the refusal to tax the item of disbursements in defendant's favor; and (2) whether there was error in the allowance made for the support of the son. We answer the first in the negative and the second in the affirmative.

1. Under our statutes, except as qualified by section 7976, G. S. 1913, the party ultimately prevailing in the suit is entitled to costs and disbursements. Culligan v. Cosmopolitan Co. 126 Minn. 218, 148 N. W. 273; Ballard T. & S. Co. v. St. Paul City Ry. Co. 129 Minn. 494, 152 N. W. 868. No allowance is provided in favor of a party who may prevail upon intermediate motions or preliminary proceedings, as in the case at bar, upon a motion for a new trial. The right to costs or disbursements is controlled by the final result of the suit.

2. The son for whose support the allowance of $50 a month was made to plaintiff is a young man now 18 years of age, with a high school education, and at the time of the judgment was earning $20 a week, or $80 a month. He was capable of earning that and perhaps more. Defendant, his father, is suffering from some perman-

ent physical infirmities, not nearly as well equipped in earning capacity as the son, and his financial resources are quite limited, according to the facts disclosed by the record. Plaintiff's financial resources are substantially superior to those of defendant. In this situation of the parties, further details in respect to which need not be stated, we are of opinion that the allowance of $50 for the support of the son should not have been made. Under our statutes, G. S. 1913, § 3067; 2 Dunnell, Minn. Dig. § 7302, the father is liable for the necessities of a dependent son or daughter, but on facts like those here presented we think a liability thus created should not be added to by judgment of the court where no dependency in fact exists. G. S. 1913, § 7444.

The judgment appealed from will be modified by eliminating the allowance for the benefit of the son, but as so modified it will be and is affirmed.