David and Kathryn **HEYER**, Appellants,

v.

John **MOLDENHAUER** and Ericka Moldenhauer, Koeckeritz Realty, et al., Respondents.

No. C8–95–1434.

Court of Appeals of Minnesota.

Oct. 10, 1995.

Kenneth R. White, Farrish, Johnson & Maschka, Mankato, for Heyer.

Patrick J. Moriarty, New Ulm, for Moldenhauer.

Robert G. Haugen, Michelle A. Gill, Johnson & Lindberg, P.A., Minneapolis, for Koeckeritz Realty.

Considered and decided by LANSING, P.J., and CRIPPEN and THOREEN, JJ.*

## OPINION

LANSING, Judge.

Buyers of real estate seek to rescind a purchase agreement, claiming misrepresentation or failure to disclose material facts about the property and fraud in procuring the arbitration clause. The district court determined the arbitration clause covers both claims. We hold the arbitration clause does not encompass a claim of fraud in the inducement of the clause itself, and we affirm in part and reverse in part.

## FACTS

In July 1993, the Heyers (buyers) signed a purchase agreement to buy the Molden-

---

* Retired judge of the district court, serving as judge of the Minnesota Court of Appeals by appointment pursuant to Minn. Const. art. VI, § 10.

hauers' (sellers) house. Elizabeth Hinnenthal, a real estate agent (agent) with Koeckeritz Realty (broker), represented the sellers. The buyers were unrepresented.

The purchase agreement contained an arbitration clause. This clause was optional and required separate signatures. The buyers initialed the clause. According to the buyers, the agent did not explain the consequences of the arbitration clause, but fraudulently described arbitration as a meeting between the buyers and the sellers that she would mediate. The arbitration clause stated that arbitration must be filed within six months of discovering the claim.

In the fall of 1993, the buyers complained to the agent about the house. Their complaints included concerns that the neighboring land was a landfill that had been closed due to improper dumping. The agent told them to put the complaints in writing.

In March 1994 the buyers hired legal counsel. Their attorney sent a letter detailing the problems with the house to the agent and arranged a meeting with her. That meeting did not produce a settlement.

The buyers did not file for arbitration. They instead filed this lawsuit in November 1994. The trial court granted summary judgment for the sellers, their real estate agent, and their broker, concluding the parties intended to arbitrate these claims. Because the six month limitation period for arbitration had passed, the summary judgment effectively dismissed the buyers' claims. The buyers appeal.

### ISSUE

Is either a claim of misrepresentation or failure to disclose material facts about the property or a claim of fraud in the inducement of an arbitration clause subject to arbitration?

### ANALYSIS

 Issues of contract formation are not automatically subject to arbitration. *Atcas v. Credit Clearing Corp. of America*, 292 Minn. 334, 347–48, 197 N.W.2d 448, 456 (1972). Agreement of the parties will subject these issues to arbitration. *Michael–Curry Cos. v.*

*Knutson Shareholders Liquidating Trust*, 449 N.W.2d 139, 141 (Minn.1989) ("Parties may validly choose to arbitrate all controversies, including fraud in the inducement."). A court examines the language of the parties' agreement to determine what issues they intended to arbitrate. *Id.* (citing *State v. Berthiaume*, 259 N.W.2d 904, 909 (Minn. 1977)). Reviewing courts independently interpret the arbitration agreement. *Id.*

 If the parties intended to arbitrate a claim of fraud in the inducement, the arbitration agreement must either (1) specifically show such an intention or (2) be " 'sufficiently broad to comprehend' " the issue of fraud in the inducement. *Id.* (quoting *Atcas*, 292 Minn. at 347, 197 N.W.2d at 456). If it is "reasonably debatable" whether a dispute is subject to arbitration, the district court should forward the dispute to arbitration. *Woog v. Home Mut. Indem. Co.*, 340 N.W.2d 863, 865 (Minn.1983).

 The arbitration clause at issue refers to "any claim * * * arising out of or relating to the physical condition of the property covered by this purchase agreement (including without limitation claims of fraud, misrepresentation * * *." This language is identical to the arbitration agreement considered in *Welch v. Buller*, 481 N.W.2d 856, 859 (Minn. App.1992), *review denied* (Minn. May 15, 1992).

Unlike the facts in *Welch*, the transaction at issue presents two claims: nondisclosure or misrepresentation about conditions of the land and fraud in the inducement of the arbitration clause itself. The district court did not examine the arbitration clause separately for each claim, but concluded because the arbitration clause included "fraud," it covered both claims. We see the arbitrability of the two claims as separate issues.

The first claim, relating to the condition of the land, resembles the claim in *Welch*. 481 N.W.2d at 858. In *Welch*, the buyers sued the sellers and the realtors, claiming fraud for failure to disclose material facts about the condition of the property's water supply, due to a neighboring landfill. *Id.* at 857–58. The court held that the parties intended to arbitrate the claim of fraud in the inducement of

the purchase agreement because the alleged fraud directly related to the physical condition of property. *Id.* at 860.

The buyers in this transaction raise a claim of fraud in the inducement of the purchase agreement which, similar to *Welch,* relates to a neighboring landfill. Because the buyers claim the landfill negatively affected their property, this claim relates to "the physical condition of the property." As in *Welch* the arbitration clause is the agreed mechanism for resolving the buyers' landfill claim, and the district court properly concluded that this claim should be set aside for arbitration.

 The second claim, fraud in procuring the arbitration clause itself, does not have a parallel in *Welch.* Although the term "fraud" is used in the arbitration clause at issue, it does not list "fraud in the inducement" as a separate category. The term "fraud" instead appears in a parenthetical that modifies the preceding clause "arising out of or relating to the physical condition of the property * * *." The arbitration clause covers claims about the property, not issues of formation of the agreement to arbitrate. Without evidence of the parties' intent to arbitrate them, claims of fraud in the inducement of the agreement to arbitrate are "more properly determined by those trained in the law." *Atcas,* 292 Minn. at 350, 197 N.W.2d at 457. According to the language of the arbitration agreement, the parties did not evidence an intent to arbitrate this issue.

The arbitration clause is not "sufficiently broad to comprehend" the claim of fraud in the inducement of the arbitration clause. *Atcas,* 292 Minn. at 347, 197 N.W.2d at 457. Unlike the arbitration clause in *Michael–Curry* that broadly covered claims in "the making" of the contract, the arbitration clause at issue includes only claims arising out of or relating to the property. 449 N.W.2d at 142. The claim of fraud in the inducement of the clause itself should be determined by a district court.

In their appeal the parties also dispute whether the facts can adequately satisfy the elements of fraud, especially reliance and damages, in procuring an arbitration clause. This issue has not been fully presented to the district court. Because the district court did not consider the viability of the fraud claim, we decline to decide this issue. *Thiele v. Stich,* 425 N.W.2d 580, 582 (Minn.1988) (reviewing court should consider only issues presented to and considered by the district court).

### DECISION

The arbitration clause in the purchase agreement covers claims relating to the property. It does not encompass a claim of fraud in the inducement of the arbitration clause itself.

**Affirmed in part, reversed in part, and remanded.**