**Michael ELSENPETER d/b/a A & M Liquor Store, Respondent,**

v.

**ST. MICHAEL MALL, INC., Appellant.**

No. A10–875.

Court of Appeals of Minnesota.

March 1, 2011.

Robert S. Halagan, Halagan Law Firm Ltd., Buffalo, MN, for respondent.

Justin L. Seurer, Seurer Law LLC, Minnetonka, MN, for appellant.

Considered and decided by SCHELLHAS, Presiding Judge; HUDSON, Judge; and ROSS, Judge.

## OPINION

SCHELLHAS, Judge.

Appellant challenges the district court's award of attorney fees and costs to respondent, arguing that the district court erred by (1) compelling arbitration of the parties' lease dispute and (2) determining that respondent was entitled to an award of fees and costs as a prevailing party because he succeeded in obtaining an order compelling arbitration, even though he did not succeed on the merits in the underlying action. Because we conclude that the parties' lease dispute was arbitrable, we affirm the district court's order compelling arbitration. But because respondent was not a prevailing party on the merits in the underlying action, we reverse the award of fees and costs to him.

## FACTS

Appellant St. Michael Mall Inc. (the mall), was formed in 1998 to own and operate a strip mall in St. Michael. The mall has 12 shareholders, including respondent Michael Elsenpeter and his wife, all of whom rent retail space in the mall. On September 8, 1998, Elsenpeter entered into a 15-year lease with the mall for the

rental of approximately 3,620 square feet of retail space to operate A & M Liquor.

Article 3.05 of the lease, entitled "ARBITRATION," provides: "Any matter which is specifically set forth in this Lease to be resolved in accordance with the provision of this paragraph shall be determined by binding arbitration. . . ." After setting out the method for choosing the arbitrator and the applicable procedure, the lease further provides: "The costs and expenses of the arbitrators, the fees of the arbitrators, and all attorneys' fees and costs incurred, shall be paid by the losing party in the arbitration proceeding, and the definition of 'losing party' shall be a proper subject of the arbitration proceeding."

Lease Addendum 9, entitled "Attorney's Fees," provides: "In the event either party hereto institutes legal action or proceedings arising out of or in any way connected with this Lease, the non-prevailing party shall reimburse the prevailing party for all reasonable attorney fees and costs incurred in connection therewith."

In early 2007, Elsenpeter determined that his square footage of retail lease space contained less area than described in his lease. After the mall property manager refused to reduce his rent, Elsenpeter requested arbitration. When he received no response to his request, Elsenpeter commenced suit against the mall and sought an order compelling arbitration and awarding costs and fees. The mall answered Elsenpeter's complaint, denied that the dispute was arbitrable, counterclaimed that Elsenpeter had breached his fiduciary duty to the mall and wasted corporate assets under Minn.Stat. § 302A.751, subd. 1(b)(5) (2006), and sought an order for the sale of Elsenpeter's shares in the Mall back to the Mall, pursuant to Minn.Stat. § 302A.751, subd. 2 (2006).

Both parties moved for summary judgment. On August 6, 2008, the district court denied the parties' cross-motions for summary judgment and ordered the parties to "comply with paragraph 3.05 of the Lease" and arbitrate their lease dispute. The court ruled that an award of attorney fees and costs is a question of fact and reserved the issue for trial.

The parties arbitrated the lease dispute. On February 23, 2009, the arbitrator issued his decision in favor of the mall. The arbitrator determined that a discrepancy existed between Elsenpeter's leased space and the space set forth in the lease but that the discrepancy was "not significant." The arbitrator also determined that when Elsenpeter negotiated and entered into the lease, he "decided to forego any accurate measurement of the building and its constituent spaces" and "accepted the erroneous measurements that had been used by the previous owner/lessor." The arbitrator also determined that Elsenpeter and a neighboring tenant "constructed a wall on their own, without prior required landlord approval, in a location of their choice," and that had the wall been constructed differently, "the discrepancy in [Elsenpeter]'s claim would have been reduced to 213 square feet rather than 352 square feet." Noting that "Lease Section 3.05 mandates that the losing party be responsible for the attorneys fees and costs and cost of arbitration," the arbitrator said, "[Elsenpeter] is the losing party in this proceeding." The arbitrator ordered Elsenpeter to pay "$4,000 for [the mall]'s legal fees and costs."

On December 18, 2009, the parties stipulated to dismiss without prejudice the mall's counterclaims against Elsenpeter. The district court's order for dismissal provides that the mall's counterclaims "be dismissed without prejudice and each party to bear their own costs." The parties then submitted memoranda to the court on their fees and costs associated with Elsen-

peter's suit to compel arbitration. Elsenpeter argued that because his suit to compel arbitration sought to enforce article 3.05 of the lease, he was entitled to fees and costs under Addendum 9, which provides recompense to the prevailing party in any "legal action or proceedings arising out of or in any way connected with this Lease." The mall argued that it was the prevailing party because it prevailed in the arbitration on the merits of the lease dispute.

The district court awarded Elsenpeter $27,167.30 in attorney fees and costs "of the action to compel arbitration in the underlying litigation, pursuant to Section 9 of the parties' lease addendum." This appeal follows.

## ISSUES

I. Did the district court err by compelling the parties to arbitrate the lease dispute?

II. Did the district court err by awarding Elsenpeter attorney fees and costs as a prevailing party in his suit to compel arbitration?

III. Did the district court err by denying the mall's request for attorney fees in excess of the amount awarded by the arbitrator?

## ANALYSIS

### I

■ The mall argues that the district court erred by ordering the parties to arbitrate Elsenpeter's dispute because arbitration is not mandated by the language in the lease agreement. Elsenpeter argues that the issue of arbitrability of the parties' lease dispute is not properly before the court for three reasons: (1) the mall did not identify the order compelling arbitration as an issue in its notice of appeal; (2) "[b]y failing to appeal the re-

quirement that it arbitrate and by submitting the dispute to arbitration, [the mall] effectively waived any challenge to the relief that [Elsenpeter] sought and was granted by the District Court"; and (3) the issue of arbitrability "should have been properly placed before the arbitrator as part of the arbitration proceedings." We reject Elsenpeter's reasoning and conclude that the issue of arbitrability is properly before this court.

First, in its notice of appeal, the mall identified the final judgment entered on March 19, 2010, and the district court's order regarding summary judgment on August 6, 2008. That March 19, 2010 judgment followed the district court's confirmation of the arbitrator's decision, and the mall properly appealed from that judgment. The order compelling arbitration is not an appealable order. *Fedie v. Mid–Century Ins. Co.*, 631 N.W.2d 815, 818 (Minn.App.2001), *review denied* (Minn. Oct. 16, 2001). Second, the mall did not waive its right to challenge the relief sought by Elsenpeter by submitting to arbitration. The Minnesota Uniform Arbitration Act does not provide for appeal from an order compelling arbitration. *See* Minn.Stat. § 572.26, subd. 1 (2010) (listing appealable arbitration-related orders, not including orders to compel arbitration). "No statute or case law makes an order to compel arbitration appealable." *Fedie,* 631 N.W.2d at 818. The mall therefore did not waive its right to appeal by failing to appeal from the order compelling arbitration. *See id.* at 818–19. Third, nothing in the district court's order suggests that the mall should have raised the issue of arbitrability of the lease dispute before the arbitrator. And Elsenpeter provides no legal authority to support his argument that the issue of arbitrability was subject to arbitration under the lease.

Because the issue of arbitrability of the lease dispute is properly before this court, we address the mall's argument that the district court erred in its determination that the parties' lease dispute was arbitrable. "The issue of arbitrability is to be determined by ascertaining the intention of the parties through examination of the language of the arbitration agreement." *Michael–Curry Cos. v. Knutson Shareholders Liquidating Trust*, 449 N.W.2d 139, 141 (Minn.1989). "A reviewing court is not bound by the trial court's interpretation of the arbitration agreement and independently determines whether the trial court correctly interpreted the clause." *Id.*

The mall argues that the lease does not "specifically set forth" those disputes that should be arbitrated, and "there is absolutely no provision within the Lease Agreement which compels Arbitration." The mall's argument is inconsistent with the lease and unsupported by the applicable statute and caselaw. First, section 3.05 of the lease, entitled "ARBITRATION," provides that "[a]ny matter which is specifically set forth in this Lease to be resolved in accordance with the provisions of this paragraph shall be determined by binding arbitration," and that "the difference or dispute shall be settled in accordance with the Uniform Arbitration Act." Minnesota's version of the Uniform Arbitration Act provides that when one party can identify a written contract provision requiring the parties to submit any controversy to arbitration, and the opposing party refuses to arbitrate,

the court shall order the parties to proceed with arbitration, but if the opposing party denies the existence of the agreement to arbitrate, the court shall proceed summarily to the determination of the issue so raised and shall order arbitration if found for the moving party, otherwise, the application shall be denied.

Minn.Stat. § 572.09(a) (2010).[1]

The mall argues that the arbitration clause is too ambiguous to constitute an agreement to arbitrate Elsenpeter's dispute. But this interpretation renders meaningless the express use of the label "arbitration" and the description in the lease of the arbitration process. *See Vaubel Farms, Inc. v. Shelby Farmers Mut.*, 679 N.W.2d 407, 411 (Minn.App.2004) (finding a binding agreement to arbitrate where the contested clause is labeled "arbitration" and describes a process by which a third-party neutral will preside over an evidentiary hearing and determine the prevailing party). An arbitration agreement need not list every arbitrable dispute under the instrument. *See Zelle v. Chicago & N.W. Ry.*, 242 Minn. 439, 448, 65 N.W.2d 583, 590 (1954) (observing that "the provision constituting the [arbitration] agreement may be in general terms without specification or enumeration as to the various items in dispute"). Like in *Vaubel Farms*, the mall's interpretation "seems contrary to the broad language of the Uniform Arbitration Act, which provides that '[a] provision in a written contract to sub-

1. Minn.Stat. §§ 572.08–.30 (2010) is Minnesota's adoption of the Uniform Arbitration Act (1956), 7 (Part IA) U.L.A. 105 (2009). The National Conference of Commissioners on Uniform State Laws overhauled the Uniform Arbitration Act in 2000, *see* Uniform Arbitration Act (2000), 7 (Part IA) U.L.A. 1 (2009), but the Minnesota Legislature did not adopt the new version until the 2010 legislative session, *see* 2010 Minn. Laws ch. 264, art. 1, at 499–511. The 1956 version continues to apply until August 1, 2011, unless the parties to a contract expressly agree to be governed by the new version. Minn.Stat. § 572B.03 (2010). The parties did not so agree in this case; therefore, we cite to the 1956 version of the Uniform Arbitration Act, as adopted in Minnesota.

mit to arbitration *any* controversy thereafter arising between the parties is valid, enforceable, and irrevocable. . . .'" *Vaubel Farms,* 679 N.W.2d at 411 (quoting Minn. Stat. § 572.08 (2002)) (emphasis and modification in *Vaubel Farms* ).

Any ambiguity in the language of the lease regarding arbitrability should be construed against the mall as the drafter of the agreement. *Id.* (citing *Turner v. Alpha Phi Sorority House,* 276 N.W.2d 63, 66 (Minn.1979)); *see also Heyer v. Moldenhauer,* 538 N.W.2d 714, 716 (Minn.App. 1995) ("If it is reasonably debatable whether a dispute is subject to arbitration, the district court should forward the dispute to arbitration." (quotation omitted)). We conclude that the district court properly ordered the parties to arbitrate the lease dispute.

## II

■ The mall argues that the district court abused its discretion by determining that Elsenpeter was entitled to attorney fees and costs as the prevailing party in his suit to compel arbitration of the lease dispute. Elsenpeter argues that because the district court ruled in his favor on its motion to compel arbitration, and because the mall voluntarily dismissed all of its counterclaims, the district court's determination that Elsenpeter was a prevailing party entitled to attorney fees and costs is correct.

■ "In every action in a district court, the prevailing party . . . shall be allowed reasonable disbursements paid or incurred. . . ." Minn.Stat. § 549.04, subd. 1 (2010). We review a district court's determination of a prevailing party for an abuse of discretion. *See Benigni v. Cnty. of St. Louis,* 585 N.W.2d 51, 54–55 (Minn.1998) ("[T]he district court retains discretion to determine which party, if any, qualifies as a prevailing party."). "In determining

who qualifies as the prevailing party in an action, the general result should be considered, and inquiry made as to who has, in the view of the law, succeeded in the action." *Borchert v. Maloney,* 581 N.W.2d 838, 840 (Minn.1998) (quotation omitted). "The prevailing party in any action is one in whose favor the decision or verdict is rendered and judgment entered." *Id.*

■ A prevailing party is one who prevails "on the merits in the underlying action," not one who "was successful to some degree." *Borchert,* 581 N.W.2d at 840. A plaintiff "must receive at least some relief on the merits of his claim before he can be said to prevail." *Hewitt v. Helms,* 482 U.S. 755, 760, 107 S.Ct. 2672, 2675, 96 L.Ed.2d 654 (1987); *see Smyth v. Rivero,* 282 F.3d 268, 276 (4th Cir.2002) (holding that a preliminary injunction is not the type of judicial relief that is sufficient for an award of attorney fees under a statutory fee-shifting provision). "No allowance is provided in favor of a party who may prevail upon intermediate motions or preliminary proceedings. . . ." *Cardoff v. Cardoff,* 152 Minn. 399, 400, 189 N.W. 124, 124 (1922). "The right to costs or disbursements is controlled by the final result of the suit." *Id.*

Minnesota courts have not addressed whether a successful motion to compel arbitration establishes the movant as a prevailing party for the purpose of statutory or contractual fee-shifting provisions. But courts of foreign jurisdictions have addressed the issue, ruling that a successful motion to compel arbitration does not establish the movant as a prevailing party. *See, e.g., Pitchford v. Oakwood Mobile Homes, Inc.,* 212 F.Supp.2d 613, 617–18 (W.D.Va.2002) ("Although important, the order resolving the arbitration issue simply allowed the plaintiff a forum in which to bring her substantive claim[;] it in no way was a decision on the merits of her

underlying ... action."). *Pitchford* held that a successful request to compel arbitration is a "procedural victory" that requires no "inquiry into the merits" and therefore does not establish a litigant as a prevailing party so as to take advantage of statutory fee-shifting provisions. *Id.* at 618; *see also Lachkar v. Lachkar,* 182 Cal.App.3d 641, 227 Cal.Rptr. 501, 506 (1986) ("In ordering arbitration ... the court was not determining the substantive rights of the parties. Because there was no 'reckoning of the net success' of the parties, there was no prevailing party under the parties' agreements...."); *Green v. Mt. Diablo Hosp. Dist.,* 207 Cal.App.3d 63, 254 Cal.Rptr. 689, 697–98 (1989) (holding that party that successfully defeated petition to compel arbitration not entitled to attorney fees).

When Elsenpeter sought an order to compel the mall to arbitrate the lease dispute, he did not seek from the district court an adjudication of the merits of the dispute; rather, he sought access to a forum in which the merits of the underlying lease dispute would be determined. Elsenpeter's suit to compel arbitration did not require the district court to inquire into the substantive merits of the underlying lease dispute. The order compelling arbitration did not alter the legal relationship between the parties and is not the equivalent of a final judgment on the merits. Elsenpeter's success in obtaining an order compelling arbitration was only an initial procedural achievement, which did not lead to his ultimate success in the adjudication of the merits of the underlying lease dispute. The order compelling arbitration did no more than force the mall into a specific forum where the lease dispute would be adjudicated. The order was not, in intent or effect, a decision on the merits of the underlying contract claim.

Because Elsenpeter's suit to compel arbitration was only a preliminary proceeding in the parties' underlying lease dispute, and because Elsenpeter did not prevail on the merits of the underlying lease dispute, he is not a prevailing party entitled to an award of attorney fees and costs. The district court erred in its determination that Elsenpeter was a prevailing party and its award to Elsenpeter of his attorney fees and costs incurred in connection with his suit to compel arbitration was an abuse of discretion.

III

The mall argues that the district court abused its discretion by denying the mall's request for attorney fees and costs in excess of the arbitrator's award to it as the prevailing party in the arbitration. The district court declined to award the mall attorney fees incurred for legal services provided before and after the arbitration, including the mall's defense against Elsenpeter's suit to compel arbitration.

The mall argues that it is entitled to the requested attorney fees pursuant to section 3.03 of the lease, which provides: "Tenant shall indemnify Landlord from and hold Landlord harmless against any and all liabilities, damages, losses, liens, mechanic's liens, foreclosures, injury, suits, actions, claims of any nature whatsoever, including all attorney's fees, arising out of Tenant's Work." But section 3.05 of the lease, entitled "ARBITRATION," provides: "The costs and expenses of the arbitrators, the fees of the arbitrators, and *all attorneys' fees and costs incurred,* shall be paid by the losing party in the arbitration proceeding, and the definition of "losing party" *shall be a proper subject of the arbitration proceeding."* (Emphasis added.)

The arbitrator awarded the mall $4,000 in attorney fees and costs. The arbitrator's award of attorney fees and costs is binding on the mall. The district court did not err in declining to substitute its own award of attorney fees and costs. The mall's argument is inconsistent with the terms of the lease and the arbitration decision.

## DECISION

The district court properly ordered the parties to arbitrate the lease dispute, and the court properly declined to award the mall attorney fees and costs in excess of the arbitrator's award. But because the district court's order compelling arbitration was a preliminary order that did not address the merits of the underlying lease dispute, and because the mall prevailed on the merits of the lease dispute at arbitration, Elsenpeter was not a prevailing party entitled to an award of attorney fees and costs. We therefore reverse the award of fees and costs to Elsenpeter.

**Affirmed in part and reversed in part.**

HUDSON, Judge (concurring in part, dissenting in part).

I concur with the majority's conclusion that the district court did not err by compelling the parties to arbitrate their lease dispute. I disagree, however, with the majority's conclusion that Elsenpeter is not a prevailing party entitled to an award of fees and costs. Because Addendum 9 of the lease specifically provides that fees and costs incurred in enforcing the contract, exclusive of arbitration, will be borne by the non-prevailing party and because Elsenpeter's action to compel arbitration was discrete from the arbitration proceeding, I would affirm the district court's exercise of its broad discretion to declare Elsenpeter a prevailing party and award him fees and costs.

Addendum 9 provides: "In the event either party hereto institutes legal action or proceedings arising out of or in any way connected with this [l]ease, the non-prevailing party shall reimburse the prevailing party for all reasonable attorney fees and costs incurred in connection therewith." Elsenpeter brought his action to compel arbitration to enforce Article 3.05 of the lease—the arbitration clause—because the mall had rejected his attempts to arbitrate the dispute. Elsenpeter's action plainly arose out of the lease, and the district court therefore did not abuse its discretion in awarding Elsenpeter fees and costs under Addendum 9.

The majority's opinion rests heavily on its characterization of Elsenpeter's action as a preliminary proceeding to determine the forum for the parties' underlying lease dispute. But that characterization proceeds from an unspoken premise that there was only one "underlying lease dispute" when, in my view, there were two substantive lease disputes: (1) the claim to compel arbitration, and (2) the claim to abate rent. Elsenpeter commenced the district court action solely to enforce his contractual right to arbitration, and the parties understood that if Elsenpeter prevailed, there would be a separate arbitration to determine Elsenpeter's rent–abatement claim. The district court resolved—in Elsenpeter's favor—a finite, substantive legal dispute: whether the mall was bound under the lease to arbitrate Elsenpeter's claim. The subsequent arbitration resolved a separate, but equally finite, substantive legal dispute: whether the mall's alleged breach of the lease had harmed Elsenpeter. In that separate action, before a separate tribunal, the mall prevailed. But for each dispute, the allocation of fees and costs was governed by a separate provision of the lease—Addendum 9 for the action to compel arbitration and Article 3.05 for the arbitration on the merits.

Borrowing a military metaphor, the majority's view is simply this: Elsenpeter won the battle but lost the war—thus, he cannot be a prevailing party. But the metaphor breaks down because here, there were two wars, each of which had a final result. The substantive legal basis for the order to arbitrate did not depend in any way upon the substance of the arbitration decision. Accordingly, because Elsenpeter obtained the relief he requested in the action to compel arbitration, he was the prevailing party in that action.

Admittedly, there is persuasive authority from other jurisdictions supporting the majority's conclusion that a party who succeeds on or defeats a motion to compel arbitration is not necessarily a prevailing party entitled to fees and costs. *Pitchford v. Oakwood Mobile Homes, Inc.*, 212 F.Supp.2d 613, 617–18 (W.D.Va.2002); *Green v. Mt. Diablo Hosp. Dist.*, 207 Cal. App.3d 63, 254 Cal.Rptr. 689, 697–98 (1989); *Lachkar v. Lachkar*, 182 Cal. App.3d 641, 227 Cal.Rptr. 501, 504–06 (1986). But these authorities do not deal with the situation here, where the parties entered an agreement that contains separate provisions regarding fees and costs incurred in actions commenced outside of arbitration and those initiated as arbitrations. *See Pitchford*, 212 F.Supp.2d at 617–18 (concluding that party who successfully defeated motion to compel arbitration was not prevailing party under Magnuson–Moss Act because she did not "finally prevail" in the action); *Green*, 254 Cal.Rptr. at 697–98 (concluding that party who successfully defeated motion to compel arbitration but who had not yet received a decision on the merits was not prevailing party for purposes of awarding fees and costs under California Code of Civil Procedure); *Lachkar*, 227 Cal.Rptr. at 504–06 (concluding that party who successfully compelled arbitration was not prevailing party entitled to fees and costs under Cali-

fornia Code of Civil Procedure). As such, these cases are of limited utility in determining the identity of the prevailing party on a motion to compel arbitration when the contract itself contemplates two separate actions—one to compel arbitration and one to arbitrate the dispute—that could have different prevailing parties.

Instead, I find the California Court of Appeals' recent decision in *Acosta v. Kerrigan*, 150 Cal.App.4th 1124, 58 Cal. Rptr.3d 865 (2007), instructive. In *Acosta*, the appellant challenged an interim order awarding fees and costs incurred in bringing a successful motion to compel arbitration. 58 Cal.Rptr.3d at 868. The appellant argued that the issue of attorney fees should be arbitrated, or, in the alternative, the district court should not award attorney fees until the underlying arbitration was completed. *Id.* at 869. The appellate court affirmed, holding that (1) because the district court was responsible for adjudicating the motion to compel, it was in the best position to adjudicate attorney fees, and (2) because the agreement at issue contained a provision permitting the recovery of fees and costs by a party who is forced to compel arbitration, there was no reason for that party to wait to recover fees to which it was entitled regardless of the outcome of the arbitration. *Id.* at 870–72. While *Acosta* was primarily concerned with who should determine fees and costs and when that determination should occur, it also supports the proposition that when a contract contains separate provisions regarding fees and costs for actions commenced outside of arbitration and those commenced as arbitrations, there may be different prevailing parties for the purpose of awarding fees and costs. *Id.*

Certainly, the parties could have been clearer in drafting Addendum 9 and Article 3.05 and in indicating how the two interacted with one another. But I read

Addendum 9 to allow Elsenpeter, who succeeded in enforcing a lease provision outside of arbitration, to recover attorney fees. Given the strong public policy favoring arbitration, it seems unwise to make the award of fees and costs associated with a motion to compel arbitration contingent upon subsequently prevailing in the arbitration itself, particularly where the parties have not only bargained for an arbitration clause, but also for a clause that requires a non-prevailing party to pay fees and costs incurred in actions outside of arbitration.