**CLASSIC AFFAIRS, INC., Relator,**

v.

**COMMISSIONER OF REVENUE,
Respondent.**

**No. C6–93–813.**

Supreme Court of Minnesota.

Oct. 29, 1993.

Barry M. Lazarus, Minneapolis, for relator.

Hubert H. Humphrey III, Atty. Gen., Kurt J. Erickson, Sp. Asst. Atty. Gen., Tax Litigation Div., St. Paul, for respondent.

PAGE, Justice.

Relator Classic Affairs operates a bar and restaurant called "Solid Gold" in downtown Minneapolis, which features topless. dancing and collects a cover charge from patrons. The Commissioner of Revenue assessed relator $93,124.13 in state sales and admission taxes plus interest and $267,325.28 in Minneapolis sales and amusement taxes plus interest for the period from January 1, 1989 through February 28, 1991. Relator's protest and appeal to the Commissioner were denied and relator appealed to the tax court.

In its order for summary judgment against relator, the tax court determined that relator was properly assessed for state and city sales and admissions taxes because it charges for admission to a "place of amusement" and because Solid Gold is a "public place where * * * entertainment [is] afforded the patrons." [1] We find there is no genuine issue as to any material fact which would preclude summary judgment and we affirm the tax court's order in its entirety, including its award. of costs and attorneys fees.

Summary judgment affirmed.

---

1. The statutes authorizing these taxes are: Minn. Stat. § 297A.01, subd. 3(d) (1992), 1986 Minn. Laws, ch. 396, § 4, subd. 1, Minneapolis Code §§ 16.920–16.930 (1991), and 1969 Minn.Laws, ch. 1092, § 2, subds. 2–3, § 3. The quoted language is in Minn.Stat. § 297A.01, subd. 3(d) and 1969 Minn.Laws, ch. 1092, § 2, subds. 2–3.