**Clifford H. LAMBERT, et al., Appellants,**

v.

**Harry E. BONGARD, et al., Respondents.**

**No. C2–01–1990.**

Court of Appeals of Minnesota.

July 23, 2002.

Francis J. Rondoni, Michele R. Wallace, Rondoni, MacMillan & Schneider, Ltd., Minneapolis, MN, for appellants.

Jeffrey W. Thone, Cragg & Thone, Hopkins, MN, for respondents.

Considered and decided by SHUMAKER, Presiding Judge, WILLIS, Judge, and FOLEY, Judge.*

## OPINION

GORDON W. SHUMAKER, Judge.

After respondents served appellants with notice of cancellation on a contract for deed, appellants brought an action against the respondents to quiet title, and the district court granted appellants a temporary restraining order suspending the cancellation proceedings. Respondents counterclaimed for a declaratory judgment, asking that the contract for deed be declared canceled.

Appellants moved for summary judgment, asking that they be held to be owners in fee; and respondents moved for partial summary judgment, asking the district court to determine that the cancellation proceedings were not barred by a statute of limitations. The district court denied appellants' motion and granted respondents summary judgment, declaring that the cancellation proceedings were not barred by any statute of limitations. The district court then dissolved the temporary restraining order and permitted the cancellation to proceed. This appeal followed.

## FACTS

The Bongards sold a parcel of real estate on contract for deed to the Lamberts on April 19, 1984. The contract required installment payments until June 1, 1989, at which time the remaining balance would be due. The Lamberts took possession on the contract inception date, and they remain in possession.

At some time between April 19, 1984, and January 3, 1986, neighboring landowners claimed a prescriptive easement over the Bongard–Lambert property. To settle the dispute, the Bongards and the Lamberts jointly granted to the neighbor a permanent easement.

When the easement dispute arose, the Lamberts stopped making payments under the contract for deed. They claimed that the money they spent in the dispute, together with the ultimate loss of a portion of the property, constituted a full offset against any further amounts due under the contract and that the contract obligations were satisfied.

On January 9, 2001, the Bongards served on the Lamberts a notice of cancellation of the contract for deed, alleging a default in payments. On February 14, 2001, the Lamberts started a quiet-title action, claiming that the cancellation proceedings were barred by the statute of limitations and, alternatively, that the Lamberts had obtained the property through adverse possession. The district court granted a temporary restraining order on April 3, 2001, restraining the cancellation of the contract for deed. The Bongards counterclaimed for unjust enrichment and for declaratory judgments that the contract for deed had been canceled and that the statute of limitations for cancellation had not expired. Both parties moved for summary judgment.

The district court denied the Lamberts' motion; granted the Bongards' motion for a declaration that the cancellation was not time-barred; and dissolved the temporary

* Retired judge of the Minnesota Court of Appeals, serving by appointment pursuant to Minn. Const. art VI, § 10.

restraining order. The Lamberts appealed.

## ISSUES

1. Did the district court err in ruling that contract-for-deed vendees were in default when the vendees demonstrated a genuine fact issue as to whether claimed setoffs satisfied the contract?

2. Did the district court err in granting summary judgment against vendees on their claim of adverse possession where the vendees did not have hostile possession and had not satisfied the 15–year requirement?

3. Did the district court err in ruling that the statute of limitations in Minn.Stat. § 541.05 does not apply to a statutory notice proceeding for the cancellation of a contract for deed?

## ANALYSIS

■ In ruling on the parties' summary judgment motions, the district court construed statutes of limitations. The construction and applicability of a statute of limitation is a question of law, which this court reviews de novo. *Benigni v. County of St. Louis*, 585 N.W.2d 51, 54 (Minn. 1998). On appeal from summary judgment, this court must determine whether there exist any genuine issues of material fact for trial and whether the district court erred in its application of law. *State by Cooper v. French*, 460 N.W.2d 2, 4 (Minn. 1990)

### 1. Contract Issues

■ The district court held that the Lamberts were required to pay installments on the contract for deed and then make a final "balloon" payment. The court ruled that the failure to pay any installment when due was a breach as to that installment, and the breach-of-contract statute of limitations in Minn.Stat. § 541.05, subd. 1(1) (2000), applied as to each defaulted installment and to the defaulted balloon payment. Under this statute, any action for money damages was time-barred after June 1, 1995. Furthermore, the court held, any claim for breach of contract for failure to convey clear title was time-barred after January 3, 1992.

In holding that any claim regarding amounts owing on the contract is time-barred, the court found that the Lamberts were in default. But the Lamberts dispute the claim of default and argue that they are entitled to a full setoff for costs incurred in the easement dispute and for the reduction of the amount of property they agreed to purchase.

There are genuine questions of material fact as to whether or not the claimed setoff satisfied the monies due under the contract. If it did, there was no default. Summary judgment on this issue was inappropriate.

### 2. Adverse Possession

■ The Lamberts contend that they own the property by adverse possession. The district court granted summary judgment to the Bongards on this claim, ruling that the Lamberts failed to show the existence of genuine fact issues on questions of hostile possession and the requisite time of possession.

We agree that the Lamberts have not been in possession for the requisite 15 years required by Minn.Stat. § 541.02 (2000). Furthermore, as the district court held, the Lamberts have failed to show a fact issue as to whether their possession was hostile. *See Rogers v. Moore*, 603 N.W.2d 650, 657 (Minn.1999) (for adverse possession one must maintain continuous, actual possession of the property in a manner that is open, exclusive, and hostile). By the Lamberts' own acknowledgment, they had held permissive possession under a valid contract for deed.

### 3. *Cancellation of Contract for Deed*

■ The Lamberts argue that the statute of limitations in Minn.Stat. § 541.05, relating to actions on contracts, applies here and that the Bongards lost their right to cancel the contract because they waited to do so beyond the six-year statute of limitations. The district court held that the six-year statute of limitations did not apply to the statutory cancellation of a contract for deed. We agree. The court further held that it did not have to determine what statute of limitation, if any, applies to the contract-for-deed cancellations.

■ When a vendee defaults on a contract for deed, the vendor may cancel the contract by serving the appropriate statutory notice of cancellation under Minn. Stat. § 559.21 (2000). *Miller v. Snedeker,* 257 Minn. 204, 219–20, 101 N.W.2d 213, 225 (1960). The statutes of limitations in Minn.Stat. §§ 541.01–.22 (Supp.2001) apply to "actions." An "action" is a lawsuit. *See* Minn. R. Civ. P. 3.01 (stating that an "action" is commenced when the summons is served on the defendant or served by other means). A statutory cancellation of a contract for deed is not an action. Thus, the plain language of chapter 541 makes the statutes of limitation in that chapter inapplicable to a proceeding by statutory notice.

The Lamberts argue that the district court in effect ruled that there is no statute of limitations for the cancellation of a contract for deed and that such a holding would create insurmountable title problems.

The district court ruled only that the asserted statute did not apply. But it appears that no statute of limitation applies to a cancellation of a contract for deed by statutory notice. Although such a conclusion might seem counterintuitive, as a practical matter title problems do not arise. The vendor holds legal title until the contract obligations are satisfied. If the vendor wants to sell the property to a third party, he must do so subject to the contract, or, if the vendee is in default, the vendor may clear the title through cancellation.

If the vendee wants to convey the property, he must first satisfy the contract obligations. He then will be entitled to the deed for which he contracted.

If the vendor is satisfied to hold legal title and allow the vendee to stay in possession despite a default, and if a vendee is satisfied to remain in possession without owning fee title, there is no title problem as between the parties and there is no need for a limitations period. This is the situation that existed here for several years. When the vendors became dissatisfied with the status of the contract, they served a cancellation notice. Because the vendees believed they were not in default, they opposed the cancellation. The cancellation and the opposition were proper. The issue of default is for the jury.

### DECISION

The district court erred in granting summary judgment on the issue of contract default because there exist genuine questions for trial. The district court correctly determined that the vendees do not own the property by adverse possession and that the statute of limitations in Minn. Stat. § 541.05 (2000) does not apply to a statutory cancellation of a contract for deed. We further hold that there is no specific statute of limitations for the cancellation of contract for deed by statutory notice.

**Affirmed in part, reversed in part, and remanded.**