**James L. WILSON, Relator,**

v.

**COMMISSIONER OF REVENUE, Respondent.**

No. A05–440.

Supreme Court of Minnesota.

Jan. 12, 2006.

Mark A. Pridgeon, Edina, MN, for Relator.

Barry R. Greller, St. Paul, MN, for Respondent.

---

## OPINION

ANDERSON, RUSSELL A., Justice.

If the taxpayer is the prevailing party in a contested tax case between the taxpayer and the Commissioner of Revenue, the taxpayer is entitled to costs and disbursements if the taxpayer shows that the position of the commissioner was not substantially justified. *See* Minn.Stat. § 15.472 (2004); Minn.Stat. § 271.19 (2004). This acrimonious tax case, involving issues that we have addressed in two previous opinions—*Wilson v. Comm'r of Revenue (Wilson I )*, 619 N.W.2d 194 (Minn.2000), and *Wilson v. Comm'r of Revenue (Wilson II )*, 656 N.W.2d 547 (Minn.2003)—has now been settled *except* for the taxpayer's claim that he is the prevailing party entitled to costs and attorney fees. The tax court denied the taxpayer's claim for costs and attorney fees, concluding that neither the taxpayer nor the commissioner pre- vailed in this litigation. We conclude that the tax court did not abuse its discretion and affirm.

### I.

We begin with a brief history of this litigation between the taxpayer, relator James L. Wilson, and the commissioner.

Jay R. Hanson III worked as an independent contractor providing janitorial services at the Apple Valley Oldsmobile car dealership. Due to Hanson's substantial sales and income tax liabilities, on May 12, 1994, the commissioner revoked Hanson's sales tax permit and served notice of levy on the dealership, requiring it to pay all of Hanson's wages to the commissioner. Hanson then retained Wilson, who devised a new arrangement for Hanson in which Hanson was hired by Wilson's company, Hazardous Waste Controls of Bloomington, Inc. ("HWC"), which in turn contracted with the dealership to provide janitorial services. This arrangement did not require Hanson to have a sales tax permit and reduced the amount the commissioner was able to garnish from Hanson's wages from 100% to 25%.

On September 12, 1994, after learning that Hanson was working at the dealership as an employee of HWC, the commissioner served a notice of levy on HWC requiring it to withhold and remit to the commissioner 25% of Hanson's wages and to complete a disclosure form and return it to the commissioner by September 22, 1994. HWC failed to comply with this request, and after a warning from the commissioner and continued noncompliance, the commissioner entered an order on November 3, 1994, which concluded that HWC had willfully failed to follow the wage-levy notice. As a result, the commissioner assessed HWC with liability not just for the wage levy, but for the entire amount of Hanson's delinquent taxes, plus interest,

as was authorized by Minn.Stat. § 290.92, subd. 23(3) (1994).[1] The amount of the assessment, $45,352.55, was an amount much higher than the amount HWC had owed under the wage levy. The next day, on November 4, 1994, the commissioner assessed personal liability against Wilson for the amount assessed against his company, HWC.

HWC appealed to the tax court from the commissioner's November 3 order. *Hazardous Waste Controls of Bloomington, Inc. v. Comm'r of Revenue (Hazardous Waste)*, No. 6589, 1997 WL 158263 at *2 (Minn. T.C. Mar. 17, 1997). HWC challenged the assessment on various grounds, including a claim that the assessment was an excessive fine under the United States and Minnesota Constitutions. *Id.* at *5. But the tax court affirmed the assessment, concluding that HWC's failure to withhold and remit 25% of Hanson's wages along with the requisite disclosure form was willful, and the arrangement between Wilson, HWC, and Hanson was a "sham." *Id.* at *4. The tax court also determined that it did not have jurisdiction to hear Wilson's excessive-fine claim since HWC had not

instituted the procedure necessary to vest the tax court with jurisdiction to hear a constitutional claim.[2] *See id.* at *5. HWC neither appealed from nor satisfied the judgment against it. *Wilson II*, 656 N.W.2d at 551.

Wilson then appealed to the tax court from the November 4 order assessing liability against him personally. *Id.* In doing so, he attempted to contest various issues already decided in *Hazardous Waste*, and again argued that the assessment constituted an excessive fine. *Wilson v. Comm'r of Revenue*, No. 6918, 1999 WL 285896 at *2–3 (Minn. T.C. May 5, 1999). The tax court ruled that Wilson was in privity with HWC, that he was collaterally estopped from raising issues that had already been decided in *Hazardous Waste*,[3] and that he was barred by the doctrine of res judicata from again raising the excessive-fine issue. *Id.* at *2–4.

On appeal to this court, we concluded that res judicata did not bar Wilson from raising the excessive-fine issue. *Wilson I*, 619 N.W.2d at 199–200. We reversed the tax court's decision and remanded the case

---

1. The portion of the statute allowing the commissioner to assess HWC for the entire amount of Hanson's delinquent taxes has since been repealed. Act of June 1, 1995, ch. 264, art. 13, § 13, 1995 Minn. Laws 2872, 3055–56.

2. HWC needed to perform the "Erie Shuffle" to vest the tax court with constitutional-claim jurisdiction. *Wilson I*, 619 N.W.2d at 199. As we explained in Wilson's first appeal:

    The tax court has limited jurisdiction and no original jurisdiction to hear constitutional matters. * * * In *Erie Mining Co.*, this court approved of a process whereby a tax court could gain jurisdiction over constitutional matters even if a case originated in tax court. If the tax court stays proceedings and refers the case to the district court for determination of the constitutional issue, and if after declining to make a constitutional determination the district court re-

    fers the case back to the tax court, the tax court may then exercise jurisdiction over the constitutional issue.

    *Id.* (internal citations omitted).

3. The tax court held that Wilson was estopped from relitigating the following issues that had already been decided against him in *Hazardous Waste*:

    Whether HWC received actual notice of the Levy;

    Whether HWC willfully failed to withhold and remit taxes from its employee's wages;

    Whether HWC is liable for its failure to withhold and remit; and

    Whether the amount of HWC's liability is the amount of its employee's delinquent taxes, $45,352.55, adjusted for any amounts paid on account.

    *Wilson*, 1999 WL 285896 at *2 (bullets added).

to determine if the assessment against Wilson was an excessive fine, constitutionally proscribed. *Id.* at 196, 200.

On remand, the tax court concluded that the commissioner's personal assessment against Wilson was not an excessive fine under the United States and Minnesota Constitutions. *Wilson v. Comm'r of Revenue,* No. 6918, 2002 WL 58477 at *4 (Minn. T.C. Jan. 8, 2002). Wilson again appealed, and we reversed. *Wilson II,* 656 N.W.2d 547. We determined that the amount of the personal assessment against Wilson was "grossly disproportional to the amount due under the wage levy," and that it was therefore an excessive fine. *Id.* at 557. We reduced Wilson's liability from the entire amount of Hanson's delinquent taxes to the amount due under the wage levy (25% of Hanson's wages from HWC), plus a penalty of 25% of this amount. *Id.* at 557–58. We then remanded the case to the tax court to calculate the sum due, and with hope "that the parties will agree upon the proper amount without further extending this already lengthy litigation." *Id.* at 558.

On July 27, 2004, the parties came to a settlement agreement that Wilson and HWC owed no further sums and the commissioner owed no refund, neither party admitting the substantive legal issues in the case. In the settlement agreement, Wilson expressly reserved the right to request attorney fees and costs.

On August 27, 2004, Wilson filed a motion for costs and disbursements, including reasonable attorney fees, under Minn.Stat. § 271.19, which allows for costs and fees to be awarded against the state in a tax court proceeding in accordance with Minn.Stat. § 15.472(a), which provides:

> If a prevailing party other than the state, in a civil action or contested case proceeding other than a tort action, brought by or against the state, shows

that the position of the state was not substantially justified, the court or administrative law judge shall award fees and other expenses to the party unless special circumstances make an award unjust.

After briefing by both sides, the tax court denied Wilson's motion, concluding that it could not determine that Wilson was the prevailing party. According to the tax court order, "[t]he settlement agreement is clear that the parties are simply walking away from a long and arduous case," and "neither party appears to have succeeded in the matter overall." From this order, Wilson appeals to this court.

## II.

We will only overturn an award or denial of fees and costs by a tax court if the tax court has abused its discretion. *Benigni v. County of St. Louis,* 585 N.W.2d 51, 54 (Minn.1998). Accordingly, a tax court's decision as to whether a party is the prevailing party is also reviewed for an abuse of discretion. *Id.* at 54–55.

We have explained that "[t]he prevailing party in any action is one in whose favor the decision or verdict is rendered and judgment entered." *Borchert v. Maloney,* 581 N.W.2d 838, 840 (Minn.1998). Further, when determining which party, if any, is prevailing, courts should consider "the general result" and make an "inquiry * * * as to who has, in the view of the law, succeeded in the action." *Id.*

As the tax court determined, "both parties succeeded in some aspects of the litigation." Wilson succeeded to the extent that: (1) in *Wilson I* we overturned the tax court's determination that his excessive-fine claim was barred by res judicata; (2) in *Wilson II* we overturned the tax court's determination that his penalty was not, in fact, an excessive fine; and (3) the

amount settled upon at the end of the litigation was significantly less than the amount the commissioner originally sought. But the commissioner succeeded to the extent that: (1) the courts affirmed Wilson's personal liability for the underlying wage levy that HWC willfully avoided paying; (2) the courts rejected Wilson's attempt to relitigate the merits of the assessment as determined in *Hazardous Waste*; and (3) the courts also affirmed a penalty against Wilson for willful nonpayment, though the penalty was reduced in *Wilson II*. Neither side received a final judgment due to the settlement.

In a situation highly similar to this, we have determined that the tax court did not abuse its discretion by not naming a prevailing party. *Benigni*, 585 N.W.2d at 55. In *Benigni*, we determined that "there is no basis to hold that the tax court abused its discretion in not naming a prevailing party" when a county won summary judgment against a taxpayer, but when the taxpayer succeeded in substantially reducing his total amount of liability. *Id.*

This case has a similarly mixed result. Wilson succeeded in getting his liability substantially reduced in dollar amount, but the commissioner succeeded in upholding the assessment of personal liability against Wilson. The tax court's conclusion that "neither party appears to have succeeded in the matter overall" is an accurate characterization of the outcome of this case. We conclude that the tax court did not abuse its discretion by denying Wilson's claim that he was the prevailing party entitled to costs and attorney fees.[4]

Affirmed.

[4] We do not reach the question of whether the commissioner's position in this litigation was "not substantially justified" under Minn.Stat. § 15.472. However, we express doubt that Wilson could establish this requirement given that the commissioner's pursuit of the original assessment amount, though eventually deemed an excessive fine by this court, was in compliance with the commissioner's statutory duty to enforce existing tax laws. *See* Minn. Stat. § 270.06 (2004).

GILDEA, J., not having been a member of this court at the time of the argument and submission, took no part in the consideration or decision of this matter.