**HNA PROPERTIES, Respondent,**

v.

**Monica MOORE, Appellant.**

No. A13–0870

Court of Appeals of Minnesota.

March 17, 2014.

239

HNA Properties, Columbia Heights, MN, (respondent).

Andrew P. Schaffer, Galen Robinson, Mid–Minnesota Legal Aid, Minneapolis, MN, for appellant.

Considered and decided by KIRK, Presiding Judge; CONNOLLY, Judge; and CRIPPEN, Judge.*

## OPINION

KIRK, Judge.

This is an appeal from the district court's denial of appellant's motion for statutory fees and costs after the district court dismissed an eviction action against appellant without prejudice. Appellant argues that the district court: (1) erred by finding that she is not entitled to costs under Minn.Stat. § 549.02, subd. 1, because the case was dismissed; (2) abused its discretion by finding that she is not entitled to costs because she is not the prevailing party; and (3) erred by finding that any costs due to her would be paid directly to court administration because of her in forma pauperis (IFP) status. We affirm in part and reverse in part.

## FACTS

On February 6, 2013, an agent for respondent HNA Properties filed an eviction complaint against appellant Monica Moore, alleging that she failed to pay rent for the month of February. Moore filed an application to proceed IFP, which the district court granted. Moore then filed an answer and motion for dismissal or judgment as a matter of law, arguing that the district court should dismiss the complaint because the agent did not file a Power of Authority form at the time she filed the complaint, as required by Minn. R. Gen. Pract. 603.

Following a hearing, a district court referee dismissed the case without prejudice for failure to comply with rule 603. Moore

moved for an award of $205.50 in statutory costs under Minn.Stat. §§ 549.02, .06 (2012). The referee ordered the parties to submit informal letter briefs addressing whether an award of costs was mandatory.

The referee later denied Moore's motion for statutory fees and costs, finding that Moore was not entitled to costs as the "prevailing party" because the case was dismissed and there was no adjudication on the merits. The referee also found that the issue was essentially moot because even if it had ordered HNA Properties to pay costs and fees, HNA Properties would have been required to pay the amount directly to court administration due to Moore's IFP status under Minn.Stat. § 563.01, subd. 10 (2012). Moore requested that a district court judge review the referee's decision. Following a hearing, the district court judge affirmed the referee's order. This appeal follows.

## ISSUES

1. Did the district court err by finding that Moore is not entitled to $200 in costs under Minn.Stat. § 549.02, subd. 1?

2. Did the district court abuse its discretion by finding that Moore is not entitled to $5.50 in costs as the prevailing party?

3. Did the district court err by finding that any costs due to Moore would have to be paid directly to court administration because Moore was proceeding IFP?

## ANALYSIS

**I. The district court erred by finding that Moore is not entitled to $200 in costs under Minn.Stat. § 549.02, subd. 1.**

Statutory interpretation presents a question of law, which this court reviews

---

* Retired judge of the Minnesota Court of Appeals, serving by appointment pursuant to Minn. Const. art. VI, § 10.

de novo. *Educ. Minn.–Chisholm v. Indep. Sch. Dist. No. 695*, 662 N.W.2d 139, 143 (Minn.2003). "The first step in interpreting a statute is to examine the language to determine whether it is clear and unambiguous." *A.A.A. v. Minn. Dep't of Human Servs.*, 832 N.W.2d 816, 819 (Minn. 2013). A statute is ambiguous if it is susceptible to more than one reasonable interpretation. *Id.* "If the meaning of a statute is unambiguous, we interpret the statute's text according to its plain language." *Brua v. Minn. Joint Underwriting Ass'n*, 778 N.W.2d 294, 300 (Minn. 2010). If it is ambiguous, we examine the legislature's intent. *Id.*

■ Moore argues that the district court erred by interpreting Minn.Stat. § 549.02, subd. 1, to limit a defendant's recovery of costs to cases where there is adjudication on the merits. "A statute should be interpreted, whenever possible, to give effect to all of its provisions; no word, phrase, or sentence should be deemed superfluous, void, or insignificant." *Am. Family Ins. Grp. v. Schroedl*, 616 N.W.2d 273, 277 (Minn.2000) (quotation omitted). A statute's "words and phrases are construed according to rules of grammar and according to their common and approved usage." Minn.Stat. § 645.08 (2012).

■ Under Minn.Stat. § 549.02, subd. 1, costs in the amount of $200 "shall be allowed" to a defendant in a district court action "[u]pon discontinuance or dismissal or when judgment is rendered in the defendant's favor on the merits." When used in a statute, the word "shall" is mandatory. Minn.Stat. § 645.44, subd. 16 (2012). The word "or" in the statute indicates that there are three alternative situations where a district court must allow a defendant to recover $200 in costs: (1) discontinuance; (2) dismissal; or (3) when judgment is rendered for the defendant on

the merits. Minn.Stat. § 549.02, subd. 1; *see Goldman v. Greenwood*, 748 N.W.2d 279, 283 (Minn.2008) (stating that, in the context of construing a statute, "we normally interpret the conjunction 'or' as disjunctive rather than conjunctive"). Thus, the statute is clear and unambiguous, and this court must interpret it according to its plain language. According to its plain language, a district court must allow the defendant $200 in costs upon dismissal of the case. Because the statute is unambiguous, we do not consider its legislative history.

The district court interpreted the statute's language differently. Instead of applying the clause "on the merits" to only the last alternative listed in the statute, the district court applied it to each of the three alternatives. As a result, the district court found that Moore was not entitled to costs because there was no adjudication on the merits. But the plain language of the statute establishes that each of the three alternatives is distinct from the others. And we note that it is impossible to apply "on the merits" to all of the alternatives. For example, "discontinuance" is defined as "[t]he termination of a lawsuit by the plaintiff" and "a voluntary dismissal or nonsuit." *Black's Law Dictionary* 532 (9th ed.2009). "On the merits" is defined as "delivered after the court has heard and evaluated the evidence and the parties' substantive arguments." *Black's Law Dictionary* 1199 (9th ed.2009). Thus, discontinuance "on the merits" is impossible.

Therefore, we conclude that the district court erred by finding that Moore is not entitled to $200 in costs under Minn.Stat. § 549.02, subd. 1.

**II. The district court did not abuse its discretion by finding that Moore is not entitled to $5.50 in costs as the prevailing party.**

■ Moore argues that the district court incorrectly determined that she is

not the prevailing party. Instead, Moore contends that she is the prevailing party and she is entitled to $5.50 in costs under Minn.Stat. § 549.02, subd. 1, because the following provision of the statute applies to her: "[C]osts shall be allowed as follows: ... To the prevailing party: $5.50 for the cost of filing a satisfaction of the judgment."

The district court found that Moore is not the prevailing party because there was no adjudication on the merits of the case. Moore disagrees with the district court's interpretation of which party constitutes the prevailing party. She contends that the statute should be interpreted to require the district court to allow "prevailing party" costs to the party who is entitled to statutory costs.

■ We disagree. The statute states that "costs shall be allowed as follows," and then separately lists the "plaintiff," the "defendant," and "the prevailing party." Minn.Stat. § 549.02, subd. 1. The fact that the statute lists three separate provisions indicates that they should be considered separately. If the legislature intended the $5.50 in costs to apply to the party who is allowed statutory costs, it could have included those costs under the "plaintiff" and "defendant" provisions of the statute. However, the legislature separately provided that $5.50 in costs must be allowed to "the prevailing party." The plain language of the statute indicates that the district court must allow the statutory $5.50 in costs to the prevailing party and only the prevailing party, if there is one, regardless of which party is allowed costs under the other provisions of the statute.

■ Moore further argues that the district court applied an incorrect standard to determine if a party is the prevailing party. When determining whether one of the parties is a prevailing party, "the general result should be considered, and inqui-

ry made as to who has, in the view of the law, succeeded in the action. The prevailing party in any action is one in whose favor the decision or verdict is rendered and judgment entered." *Borchert v. Maloney*, 581 N.W.2d 838, 840 (Minn.1998) (quotation omitted). The district court has "discretion to determine which party, if any, qualifies as a prevailing party." *Benigni v. Cnty. of St. Louis*, 585 N.W.2d 51, 54–55 (Minn.1998). This court reviews an award of costs for an abuse of discretion. *Id.* at 54.

■ Our review of Minnesota caselaw reveals that there is a lack of clarity on the issue of whether a party who obtains a dismissal for procedural reasons is a prevailing party. *See Nieszner v. St. Paul Sch. Dist.*, 643 N.W.2d 645, 649–50 (Minn. App.2002) (determining that the district court properly dismissed Nieszner's statutory appeal for lack of personal jurisdiction and the district court had "authority to assess costs to a prevailing party, even if the court dismissed the action for lack of personal jurisdiction"); *Gross v. Running*, 403 N.W.2d 243, 248 (Minn.App.1987) ("It not being certain under the statute whether a dismissal makes respondent a prevailing party, we conclude the trial court acted within its discretion."), *review denied* (Minn. May 20, 1987); *Reichert v. Union Fid. Life Ins. Co.*, 360 N.W.2d 664, 668 (Minn.App.1985) ("There may be some question as to whether a dismissal makes a defendant a 'prevailing party.' "). However, we conclude that a prevailing party must be more than "successful to some degree," and instead must "prevail[ ] on the merits in the underlying action." *Borchert*, 581 N.W.2d at 840; *see Elsenpeter v. St. Michael Mall, Inc.*, 794 N.W.2d 667, 673 (Minn.App.2011) ("A plaintiff 'must receive at least some relief on the merits of his claim before he can be said to prevail.' " (quoting *Hewitt v. Helms*, 482

U.S. 755, 760, 107 S.Ct. 2672, 2675, 96 L.Ed.2d 654 (1987))). Although this conclusion is contrary to the broad language in *Nieszner*, we note that in that case this court did not specifically conclude that Nieszner was the prevailing party, just that the language of Minn.Stat. § 549.02 provides that a district court may award costs to a prevailing defendant. 643 N.W.2d at 650.

Here, Moore obtained a dismissal based on HNA Properties' failure to comply with a procedural rule. She did not prevail on the merits of the underlying action by obtaining the dismissal because the district court did not evaluate the evidence and the parties' substantive arguments. *See Black's Law Dictionary* 1199 (9th ed.2009) (defining "on the merits"). Therefore, we conclude that Moore is not the prevailing party. Because the district court correctly found that Moore is not the prevailing party, it did not abuse its discretion by finding that Moore is not entitled to $5.50 in prevailing-party costs.

### III. The district court erred by finding that any costs due to Moore would have to be paid directly to court administration because she was proceeding IFP.

In its order denying Moore's motion for statutory fees and costs, the district court referee found that even if it were to award statutory fees and costs to Moore, she would not receive any money because it would be paid directly to court administration due to her IFP status. The referee based this finding on Minn.Stat. § 563.01, subd. 10, which provides:

> In the event any person recovers moneys by either settlement or judgment as a result of commencing or defending an action in forma pauperis, the costs deferred and the expenses directed by the court to be paid under this section shall be included in such moneys and shall be paid directly to the court administrator by the opposing party.

The district court judge affirmed the referee's findings, conclusion, and order, thereby functionally adopting them, but did not specifically address this issue.

 Moore argues that the district court's interpretation of Minn.Stat. § 563.01, subd. 10, is incorrect because an award of statutory costs upon dismissal of an action does not trigger the statute. We agree. The plain language of the statute provides that it applies when an individual "recovers moneys by either settlement or judgment." Minn.Stat. § 563.01, subd. 10. Moore is entitled to receive statutory costs as a result of the district court's dismissal of the case without prejudice. "Costs and disbursements, when given as here by statute, are an incident to a recovery or a successful defense." *State v. Kylmanen,* 178 Minn. 164, 173, 226 N.W. 709, 710 (1929). The statutory costs that Moore is entitled to receive are not a recovery of money upon settlement or judgment because the statutory costs are merely incidental to the dismissal, which is not a settlement or judgment. Therefore, Minn. Stat. § 563.01, subd. 10, does not apply in this case and the district court erred by finding that any costs due to Moore would have to be paid directly to the court administrator. We note that it would be a different situation if Moore were the prevailing party because then she would be entitled to "reasonable disbursements paid or incurred, including fees." Minn.Stat. § 549.04 (2012).

### DECISION

Because we conclude that the district court did not abuse its discretion by find-

ing that Moore is not entitled to $5.50 in costs as the prevailing party, we affirm the district court's order in part. But we reverse in part because we conclude that Moore is entitled to statutory costs in the amount of $200 under Minn.Stat. § 549.02, subd. 1, and those costs are not required to be paid directly to the court administrator under Minn.Stat. § 563.01, subd. 10.

**Affirmed in part and reversed in part.**