*This opinion will be unpublished and may not be cited except as provided by Minn. Stat. § 480A.08, subd. 3 (2014).*

**STATE OF MINNESOTA
IN COURT OF APPEALS
A15-0001**

Equity Residential Holdings, LLC,
Respondent,

vs.

Gerald Koenig,
Appellant.

**Filed September 14, 2015
Affirmed
Rodenberg, Judge**

Hennepin County District Court
File No. 27-CV-HC-13-3359

Kenneth Hertz, Hertz Law Office, P.A., Columbia Heights, Minnesota (for respondent)

Hugh D. Brown, Lawrence McDonough, Dorsey & Whitney, LLP, Minneapolis, Minnesota (for appellant)

Considered and decided by Connolly, Presiding Judge; Rodenberg, Judge; and Reyes, Judge.

## UNPUBLISHED OPINION

**RODENBERG**, Judge

Appellant challenges the district court's denial of attorney fees and statutory costs arising out of an eviction action that was dismissed without prejudice. We affirm.

## FACTS

On June 13, 2013, respondent-landlord Equity Residential Holdings, LLC (landlord), commenced an eviction action against appellant-tenant Gerald Koenig (tenant). The parties appeared for trial on July 16, 2013, and landlord requested a continuance that tenant opposed. The housing court denied the continuance. Landlord then moved to voluntarily dismiss the case without prejudice. Tenant opposed motion for voluntary dismissal and alternatively argued that, if the case were dismissed, it should be dismissed with prejudice. The housing court granted landlord's motion to dismiss the case without prejudice. Tenant moved the court for costs under Minn. Stat. § 549.02 (2014), attorney fees, and for the record to be expunged. Landlord opposed all of tenant's motions.

On October 11, 2013, the housing court issued a written order dismissing the case without prejudice, expunging the record, and awarding the tenant costs and attorney fees in an unspecified amount. The housing court determined that tenant was the prevailing party and decided that, as such, the tenant was entitled to costs and attorney fees. The housing court did not identify the authority under which the attorney fee award was warranted.

Landlord requested judicial review of the award of costs and attorney fees. On January 14, 2014, the district court summarily affirmed the housing court. Landlord appealed to this court. By special-term order, we dismissed the appeal as premature and remanded "for clarification as to whether attorney fees are awarded to respondent and, if

2

so, the substantive basis for the award of fees and the amount of the award." *Equity Res. Holdings, LLC v. Koenig*, No. A14-0162 (Minn. App. Apr. 8, 2014).

On September 23, 2014, on remand, the housing court again determined that tenant was entitled to costs and attorney fees because he was the prevailing party, relying on Minn. Stat. § 504B.172 (2014). The housing court found that tenant was entitled to $38,030.50 in total costs and attorney fees.

Landlord again requested judicial review and, on December 18, 2014, the district court concluded that neither party was the prevailing party. As a result, it reversed the housing court's award of attorney fees and partially reversed the housing court's grant of costs. Minn. Stat. § 549.02, subd. 1, grants recovery of $5.50 to the "prevailing party" and $200 to defendant "[u]pon discontinuance or dismissal." The district court reversed the housing court's determination that tenant was entitled to $5.50 as the prevailing party. However, the district court affirmed the housing court's grant of $200 costs to tenant as the case had resulted in a dismissal. Tenant appeals the denial of attorney fees. The denial of $5.50 is challenged on appeal, but the award of $200 to tenant is not.

## D E C I S I O N

Tenant challenges both the district court's denial of attorney fees under Minn. Stat. § 504B.172 and of statutory costs under Minn. Stat. § 549.02 (2014). We address each challenge in turn.

### I.

Minnesota follows the so-called "American Rule," requiring each party to bear the costs of their own litigation unless a statute or a contract provides otherwise. *See Kallok*

*v. Medtronic, Inc.*, 573 N.W.2d 356, 363 (Minn. 1998) (analyzing an exception to the American Rule).

Minn. Stat. § 504B.172 is a hybrid statutory provision for an award of attorney fees to a tenant if a landlord would be contractually entitled to recover attorney fees. The statute provides:

> If a residential lease specifies an action, circumstances, or an extent to which a landlord, directly, or through additional rent, may recover attorney fees in an action between the landlord and tenant, the tenant is entitled to attorney fees if the tenant prevails in the same type of action, under the same circumstances, and to the same extent as specified in the lease for the landlord.

Minn. Stat. § 504B.172.

Two provisions in the lease provide for the recovery of attorney fees:

> **E. DURATION OF THE LEASE.** 24. ATTORNEY'S FEES AND ENFORCEMENT COSTS: If MANAGEMENT brings any legal action against RESIDENT to enforce any terms of this lease agreement, RESIDENT must pay MANAGEMENT'S actual attorney's fees and other legal fees. . . .
>
> **F. LIABILITY OF RESIDENT AND MANAGEMENT.** 31. RESIDENT SHALL REIMBURSE MANAGEMENT FOR: . . . 4) all court costs and attorney's fees MANAGEMENT has in any suit for eviction, unpaid rent, or any other debt or charge.

Neither party disputes the existence or terms of the written lease.[1] The parties also agree that the lease "specifies an action, circumstance[], or . . . extent to which landlord

---

[1] The parties do dispute whether the lease falls under the purview of section 504B.172 at all. The district court declined to decide this issue, stating:

. . . may recover attorney fees." *See* Minn. Stat. § 504B.172. The parties disagree concerning the meaning of "if the tenant prevails." *See id.* Therefore, the issue presented is one of statutory construction.

We review issues of statutory construction de novo. *Hous. & Redev. Auth. of Duluth v. Lee*, 852 N.W.2d 683, 690 (Minn. 2014). "The threshold issue in any statutory interpretation analysis is whether the statute's language is ambiguous." *State v. Peck*, 773 N.W.2d 768, 772 (Minn. 2009). When a statute is unambiguous, we give statutory words and phrases their plain and ordinary meaning. *Id.* However, if statutory words and phrases are ambiguous, we apply the canons of construction to ascertain the legislative intent. *Id.*; *see also In re Welfare of J.B.*, 782 N.W.2d 535, 540 (Minn. 2010) (applying canons of construction to statute concerning right to counsel in juvenile protection proceedings). Statutory words and phrases are ambiguous if they are susceptible to more than one reasonable interpretation. *Peck*, 773 N.W.2d at 772. "When the words of a law in their application to an existing situation are clear and free from all ambiguity, the letter of the law shall not be disregarded under the pretext of pursuing the spirit." Minn. Stat. § 645.16 (2014).

---

> In relying on § 504B.172, the Court is not making a finding that the parties were operating under a lease renewal rather than an extension, so as to make the statute applicable. The Court does not have evidence before it to make such a finding . . . . [T]he question whether this case involves a lease renewal or extension need not be decided at this juncture because even if . . . § 504B.172 applies, the statute does not entitle Tenant to attorney fees under the facts of this case.

Both parties thoroughly briefed the issue, but, in light of our holding, we do not reach this issue.

5

In ascertaining whether statutory words and phrases are ambiguous, we "construe words and phrases according to rules of grammar and according to their common and approved usage." *State v. Schmid*, 859 N.W.2d 816, 820 (Minn. 2015) (quotations omitted). This construction includes dictionary definitions. *Peck*, 773 N.W.2d at 772. However, we may construe statutory words and phrases according to a specialized meaning if such a meaning has been acquired. *Schmid*, 859 N.W.2d at 820.

The district court concluded that Minn. Stat. § 504B.172 requires a tenant to be the prevailing party in order to recover attorney fees. It reversed the housing court's award of attorney fees because it concluded that tenant was not the prevailing party.

Tenant argues that, while the statute requires the tenant to "prevail," the statute does not require the tenant to be the "prevailing party." "The prevailing party in any action is one in whose favor the decision or verdict is rendered and judgment entered." *Borchert v. Maloney*, 581 N.W.2d 838, 840 (Minn. 1998) (quotation omitted). Tenant argues that the statute requires the tenant to prevail only "in the same type of action, under the same circumstances, and to the same extent *as specified in the lease*." *See* Minn. Stat. § 504B.172 (emphasis added). As a result of this language, tenant argues that the meaning of "prevail" in the statute is modified by the lease and a reviewing court should assess the lease and ascertain the types of actions, circumstances, and the extent to which a landlord may recover attorney fees under the lease to determine whether tenant prevailed.

Landlord vigorously disputes tenant's argument. While landlord agrees that the lease "does not require a formal adjudication on the merits to make a claim for attorney's

6

fees," landlord argues that the "extremity" of tenant's argument would allow both tenants and landlords in each action "to claim its attorney fees from the other no matter who prevailed," and that such a result would be "absurd." Therefore, landlord argues, to avoid absurdity, the court must read the phrase "if tenant prevails" to mean "if tenant is the prevailing party," and that the court should be informed by caselaw concerning the term "prevailing party."

We conclude that it is unnecessary for us to decide whether "if tenant prevails" in section 504B.172 requires tenant to be the "prevailing party." On the facts of this case, neither party prevailed. *See Application of Mitchell*, 216 Minn. 368, 375, 13 N.W.2d 20, 24 (1944) (explaining that a dismissal without prejudice "leaves the parties as if no proceeding had been instituted"). The housing court referee dismissed the case without prejudice under Minn. R. Civ. P. 41.01(b). The rule allows for a dismissal of a case without prejudice by request of a party and court order "*upon such terms and conditions as the court deems proper.*" Minn. R. Civ. P. 41.01(b) (emphasis added). The housing court did not make the payment of tenant's attorney fees a term or condition upon which it granted the dismissal without prejudice. Therefore, the dismissal without prejudice, and without any conditions, left the parties "as if no proceeding had been instituted." *Mitchell*, 216 Minn. at 375, 13 N.W.2d at 24.

Because the tenant did not prevail in the action, the district properly denied tenant's request for attorney fees.

II.

Minnesota Statute section 549.02, subd. 1 provides:

> [C]osts shall be allowed as follows: . . . To the prevailing party: $5.50 for the cost of filing a satisfaction of the judgment.

Under the plain language of section 549.02, subd. 1, tenant must be the prevailing party in order to recover the statutory $5.50. "The district court has discretion to determine which party, if any, qualifies as a prevailing party," and we review a district court's decision on appeal for an abuse of discretion. *HNA Props. v. Moore*, 848 N.W.2d 238, 242 (Minn. App. 2014) (quotation omitted).

When determining which party is the prevailing party, "the general result should be considered, and inquiry made as to who has, in the view of the law, succeeded in the action. "[]A prevailing party must be more than 'successful to some degree,' and instead must 'prevail on the merits in the underlying action.'" *HNA Props.*, 848 N.W.2d at 242 (holding that the defendant could not be considered the prevailing party for purposes of section 549.02, subd. 1, when the plaintiff obtained a voluntary dismissal without prejudice) (citing *Borchert*, 581 N.W.2d at 840); *see also Elsenpeter v. St. Michael Mall, Inc.*, 794 N.W.2d 667, 673 (Minn. App. 2011). A party "must receive at least some relief on the merits of [the] claim before [the party] can be said to prevail. . . . The right to costs or disbursements is controlled by the final result of the suit." *Elsenpeter*, 794 N.W.2d at 673 (quotations and citations omitted). As we noted, a voluntary dismissal without prejudice "leaves the parties as if no proceeding had been instituted." *Mitchell*,

216 Minn. at 375, 13 N.W.2d at 24. Under *HNA Props.*, *Borchert*, and *Elsenpeter*, tenant was not the prevailing party here.

Tenant argues that *HNA Props.* is distinguishable from this case because the court in that case "was faced with a dismissal based on a minor technical defect in plaintiff's papers" while the court here was faced with a "myriad of deficiencies," as found by the housing court referee. In *HNA Props.*, just as here, the district court dismissed an eviction action without prejudice. 848 N.W.2d at 240. In that case, we held that the tenant was not the prevailing party because "a prevailing party must . . . 'prevail on the merits in the underlying action.'" *Id.* at 242 (quoting *Borchert*, 581 N.W.2d at 840). We went on to observe that the tenant in *HNA Props.* "did not prevail on the merits of the underlying action by obtaining the dismissal because the district court did not evaluate the evidence and the parties' substantive arguments." *Id.* at 243. While the "myriad deficiencies" found by the housing court referee here and attributed to landlord might be more substantial than the defect that resulted in dismissal in *HNA Props.*, the dismissal at landlord's request cannot be deemed a decision on the "merits in the underlying action." *See id.*

Tenant argues that *Borchert* is distinguishable because the court in that case "had no occasion to consider whether judgment on the merits was a necessary condition to a finding that a party 'prevailed,'" and it therefore does not control. However, in *Borchert*, the plaintiff obtained a favorable jury verdict on the merits of the case and thus prevailed on the merits. 581 N.W.2d at 839. And while the Minnesota Supreme Court in that case did not specifically determine that prevailing on the merits was necessary in determining

a prevailing party, our cases since *Borchert* have so concluded. *See HNA Props.*, 848 N.W.2d at 243; *Elsenpeter*, 794 N.W.2d at 673.

Tenant also argues that *Elsenpeter* is distinguishable because "the Court of Appeals determin[ing] that the party who eventually *lost* on the merits was not the prevailing party . . . is not at all inconsistent with the proposition that a defendant who obtains a dismissal can be a prevailing party." Tenant, the defendant in this matter, did not *obtain* a dismissal. Tenant *opposed* landlord's motion to dismiss the case without prejudice. Over tenant's objection the district court granted landlord what it requested—a dismissal without prejudice.

Finally, tenant's contrary authority is unpersuasive. Each case cited by tenant was dismissed either *with prejudice* or under Minn. R. Civ. P. 12. In other words, the cited cases involved decisions on the merits, unlike this case. The district court's prevailing party analysis here is consistent with Minnesota precedent. As there is Minnesota caselaw adequately addressing the prevailing party issue, we do not consider the extra-jurisdictional authority cited by tenant.

Under the holding in *HNA Props.*, as informed by the Minnesota Supreme Court's holding in *Borchert*, neither tenant nor landlord was the prevailing party here.

**Affirmed.**